39 F.3d 1197
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eraklis ERAKLIDIS d/b/a, Hercules Painting Company, Appellant,
v.
John H. DALTON, Secretary of the Navy, Appellee.
 No. 94-1159.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1994.
 
 Before RICH, MAYER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eraklis Eraklidis appeals the decision of the Armed Services Board of Contract Appeals, No. 43720 (Sept. 8, 1993), upholding the contracting officer's assessment of damages for Eraklidis' breach of a painting services contract. We affirm.
 
 
 2
 Eraklidis contends that the board erred as a matter of law by failing to impose upon the Navy the burden of proving that Eraklidis was responsible for lost and damaged window screens under the provisions of the painting services contract. Eraklidis also contends that the board made unsupported findings of fact in affirming the other damages assessed by the contracting officer.
 
 
 3
 Our standard of review is defined by statute:
 
 
 4
 [T]he decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.
 
 
 5
 41 U.S.C. Sec. 609(b) (1988). Although the board's determination on a question of law is not final or conclusive, it is accorded careful consideration because of the board's considerable experience in construing government contracts. United States v. Lockheed Corp., 817 F.2d 1565, 1567 (Fed.Cir.1987).
 
 
 6
 Eraklidis has not raised any issue that warrants reversal of the board's decision. We see no legal error in the board's interpretation of the painting services contract, and substantial evidence supports the board's affirmance of the damages assessed for the lost and damaged screens. Substantial evidence also supports the board's findings of fact on which the remainder of the damages assessment is founded.